Case 2:21-cr-00071-JLR   Document 17   Filed 05/21/21   Page 1 of 4

The Hon. James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAIL WILSON,<br><br>Defendant. | No. CR21-071-JLR<br><br>[PROPOSED]<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Entry of a Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Michail Wilson's interest in the following property:

1. Approximately 407.74807353 bitcoins, seized on or about June 14, 2017, from Mycelium virtual currency wallets located in or accessible via a Samsung phone and/or Apple iPhone belonging to Defendant Michail Wilson, and any derivative units of virtual currency, including but not limited to units of Bitcoin Cash and Bitcoin Gold;

2. Approximately 379.65095816 bitcoins that were held in Bitcoin Core virtual currency wallets located in or accessible via Defendant Michail Wilson's laptop computer in June 2017 and seized from him on or about June 28, 2017, and any derivative units of virtual currency, including but not limited to units of Bitcoin Cash and Bitcoin Gold; and

Preliminary Order of Forfeiture - 1
U.S. v. Wilson, CR21-071-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. Approximately $40,000 in U.S. currency, seized from Defendant Michail Wilson on or about June 14, 2017.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- The above-identified property is forfeitable pursuant to 18 U.S.C. § 982(a)(1), as it was involved in the Defendant's commission of his *Conducting an Unlicensed Money Transmitting Business* offense, in violation of 18 U.S.C. §§ 1960(a), (b)(1)(A), (b)(1)(B) and 2; and,
- Pursuant to the Plea Agreement he entered on April 26, 2021, the Defendant agreed to forfeit his interest in the above-identified property pursuant to 18 U.S.C. § 982(a)(1). Dkt. No. 11, ¶ 12.

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 18 U.S.C. § 982(a)(1) and his Plea Agreement, the Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. The U.S. Department of Homeland Security, and/or its authorized agents or representatives, shall maintain the property in their custody and control until further order of this Court.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the currency as permitted by governing law. The notice shall be posted on an official government website—currently, www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall also,

Preliminary Order of Forfeiture - 2
U.S. v. Wilson, CR21-071-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b.    shall be signed by the petitioner under penalty of perjury; and

    c.    shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

///

///

///

///

Preliminary Order of Forfeiture - 3
U.S. v. Wilson, CR21-071-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 21st day of May, 2021.

THE HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Krista K. Bush*
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart St., Suite 5220
Seattle, WA 98101
(206) 553-2242
Krista.Bush@usdoj.gov

Preliminary Order of Forfeiture - 4
U.S. v. Wilson, CR21-071-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970